PECKINPAUGH *v.* H. W. NOBLE & CO.

1. REPLEVIN—BURDEN OF PROOF.
Where plaintiff's certificates of stock indorsed in blank were used as collateral to a note given by her son-in-law to defendant, and she notified defendant that they were so used without her consent, but thereafter said note was canceled and one given by her daughter with same stock as collateral, and for about two years before bringing replevin for possession of said stock plaintiff had known that it was in defendant's possession, she had burden of proving her right to possession at time replevin suit was instituted.

2. JUDGMENT—REPLEVIN—NOTICE—BURDEN OF PROOF.

   Where plaintiff, in replevin suit for possession of certificates of
   stock indorsed by her in blank and used as collateral to a note
   given defendant by plaintiff's daughter, failed to present
   testimony tending to show that use of said stock by daughter
   was without plaintiff's knowledge or consent, which was issue
   .in case, judgment *non obstante veredicto* for defendant was
   properly entered.

Error to Wayne; Cross (Orien S.); J., presiding. Submitted October 24, 1929. (Docket No. 9, Calendar No. 33,907.) Decided December 3, 1929.

Replevin by Laura W. Peckinpaugh against H. W. Noble and Company for possession of shares of corporate stock. From judgment *non obstante veredicto* for defendant, plaintiff brings error. Affirmed.

*MacKay, Wiley, Streeter, Smith & Tucker,* for plaintiff.

*Charles F. Delbridge* and *W. Leo Cahalan* (*William P. Foster,* of counsel), for defendant.

NORTH, C. J. This case has been before this court on a former occasion and is reported in 238 Mich. 464 (52 A. L. R. 941). The plaintiff owned 3,000 shares of stock in the Gladys Belle Oil Company. The certificates, indorsed in blank by plaintiff, were placed in a safety deposit box where they were accessible both to the plaintiff and her daughter, Hazel Peckinpaugh Kemp. In April, 1920, Ernest A. Kemp, who married plaintiff's daughter, deposited these stock certificates with the defendant as collateral to his 60-day note for $1,100 given incident to a loan made to him for that amount. Some time in the spring of 1920 plaintiff learned that her stock was so pledged. She testified that she immediately

notified the defendant that the stock certificates had been taken and used as collateral without her knowledge or consent. Some of defendant's officials denied knowledge of such notice. Kemp's note fell due June 18, 1920. It was not paid. On November 15, 1920, Hazel Peckinpaugh Kemp gave to defendant her note for $1,100 payable in three months. This note recited that these stock certificates were held as collateral thereto. Kemp's note was marked, "Canceled, November 15, 1920, by renewal note given by Hazel Peckinpaugh. H. W. Noble & Company, by T. C. Dana, treasurer." The Hazel Peckinpaugh note was not paid at maturity; and when the defendant was about to sell the certificates held as collateral plaintiff replevined them, claiming that the defendant's possession thereof was unlawful. Plaintiff had verdict; but judgment *non obstante veredicto* was entered for the defendant on its motion for $1,592.25, the defendant having elected to take judgment for the value of its lien interest in the stock replevined by plaintiff.

The sole question presented by plaintiff's writ of error is this: Was the judgment *non obstante veredicto* properly entered? In support of the motion for such a judgment, defendant's counsel assigned among other reasons the following:

"The plaintiff failed to show by a preponderance of the evidence defendant's possession was unlawful at the time the writ was served; that from the undisputed facts in the case defendant's possession of the property at the time of the service of the writ was lawful and not contrary to any right of the plaintiff."

The burden of establishing her right of possession at the time this replevin suit was instituted was upon the plaintiff. At that time the stock was held by the

bank as collateral to plaintiff's daughter's note. As above stated, plaintiff had kept these certificates indorsed in blank in a safety deposit box to which both she and her daughter had access. For substantially two years before she replevined these certificates, plaintiff knew they were in defendant's possession.

In this record the appellant has taken the position that whatever rights defendant has in this stock is by reason of its being held as collateral to the note given by plaintiff's daughter, and that this note was given after notice to the defendant that plaintiff did not consent to the use of this stock as collateral to Mr. Kemp's note. This does not cover the issue as to whether plaintiff either consented to her daughter using the stock as collateral which she knew at that time was in defendant's possession indorsed in blank or whether she had knowledge of its being so used by her daughter. On this issue the burden was upon the plaintiff. She testified in her own behalf, but neither she nor any other witness gave testimony on this issue. In the absence of any testimony of this character the defendant's motion for a directed verdict should have been granted, and the trial judge was right in subsequently entering judgment *non obstante veredicto*. The judgment so entered is affirmed.

FEAD, BUTZEL, WIEST, CLARK, MCDONALD, POTTER, and SHARPE, JJ., concurred.